Theresa Mains, Esq.
*Admitted Pro Hac Vice*
Nevada Bar 13373
2251 N. Rampart Blvd. #102
Las Vegas, NV 89128
954-520-1775/ Fax 702-852-1127
Theresa@TheresaMainsPA.Com
*Attorney for Debtor/Defendant Mark Crone*

**THERESA MAINS, ESQ., MACC, CFE**
2251 N. Rampart Blvd., Suite 102
Las Vegas. Nevada 89128

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MARK ELIAS CRONE,<br><br>Debtor;<br><hr>VERTEX ADVISORS UNLIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ELIAS CRONE, an Individual<br><br>Defendant. | CASE NO: 2:17-bk-12392-BR<br><br>Chapter 7<br><br>Adv. No. 2:17-ap-01312-BR<br><br>**MOTION TO DISMISS AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS PURSUANT TO FED. R. CIV. P. 9(B), 12(B)(6)**<br><br>**DATE: TBD**<br>**TIME: TBD**<br>**PLACE: COURTROOM 1668**<br>    **Royal Federal Building**<br>    **255 East Temple Street**<br>    **Los Angeles, California 90012** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 2

II. SUMMARY OF ALLEGATIONS ..................................................................... 4

III. LEGAL STANDARDS ...................................................................................... 5

    A.     Fed. R. Civ. P. 12(b)(6) ............................................................................. 5

    B.     Fed. R. Civ. P. 9(b) .................................................................................... 6

III.    LEGAL ARGUMENT ................................................................................. 9

    A.     Plaintiff Failed to Plead a Claim for §523(a)(4) ........................................ 9

IV.    Conclusion ................................................................................................. 10

**TABLE OF AUTHORITIES**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ................................................................ 6

*Bell Atl. Corp. v. Twombly*, 550 U.S.
    544, 555 (2007). ..................................................................................................... 5, 6

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047, 1057 (9th Cir.2011) ......................................................................... 7

*Daniels–Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992, 998 (9th Cir.2010). .............................................................................. 7

*Fayer v. Vaughn*,
    649 F.3d 1061, 1064 (9th Cir.2011). .......................................................................... 6

*In re GlenFed, Inc. Securities Litig.*,
    42 F.3d 1541, 1548 (9th Cir.1994) ............................................................................ 7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120, 1125 (9th Cir.2009) .......................................................................... 3

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
     519 F.3d 1025, 1031 (9th Cir.2008) ...........................................................................6

*Moore v. Kayport Package Exp., Inc.*,
     885 F.2d 531, 540 (9th Cir. 1989)) .........................................................................7, 8

*Navarro v. Block*,
     250 F.3d 729, 732 (9th Cir.2001). .............................................................................5

*Ormsby v. First Am. Title Co. (In re Ormsby)*,
     591 F.3d 1199, 1205 (9th Cir., 2010) ........................................................................8

*Semegen v. Weidner,*
     780 F.2d 727, 731 (9th Cir.1985). .............................................................................7

*Sprewell v. Golden State Warriors*,
     266 F.3d 979, 988 (9th Cir. 2001) .............................................................................5

*Swartz v. KPMG LLP*,
     476 F.3d 756, 764 (9th Cir.2007) ..............................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
     317 F.3d 1097,1106 (9th Cir. 2003) ..........................................................................6

**RULES AND STATUTES**

Fed. R. Civ. P.  8 ..............................................................................................................3, 5

Fed. R. Civ. P.  9(b) ............................................................................................... *in passim*

Fed. R. Civ. P. 12(b) .............................................................................................. *in passim*

11 U.S.C. §523(a)(4) ............................................................................................ *in passim*

**THERESA MAINS, ESQ., MACC, CFE**
2251 N. Rampart Blvd., Suite 102
Las Vegas. Nevada 89128

Defendant/Debtor Mark Crone respectfully moves to dismiss, with prejudice, Plaintiff VERTEX ADVISORS UNLIMITED ("Plaintiff") Amended Complaint to Determine Dischargeability of Debts pursuant to Federal Rules of Bankruptcy Procedure 7012(b)(6), 7009(b).

This Motion to Dismiss is made and based upon the following memorandum of points and authorities, the pleadings and papers filed and any oral argument this Honorable Court may entertain.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION**

This Amended Complaint is brought on behalf of Vertex Advisors Unlimited, a limited liability company formed under the laws of England and Wales ("Vertex"), asserts improperly pled claims and seeks an exception to discharge of these claims under 11 U.S.C. §523(a)(4) for allegedly embezzled funds by Debtor for an unspecified amount except to allege "***at least*** $25,000."[1]

The allegations focus on claims for exception to discharge damages due to Vertex for alleged funds embezzled by Debtor. Although vague and absent sufficient facts, Vertex alleges that during October 2015 to an uncertain date, Debtor embezzled funds.[2]

Plaintiff made no meaningful effort to the correct the pleading deficiencies that existed in the Original Complaint, which this Court addressed in the hearing on December 13, 2017. The Amended Complaint is pled without the required particularized facts as ordered in the December 13, 2017 hearing, but merely contains new fillers in the form

---

[1] Am. Compl. ¶1.
[2] Am. Compl. ¶11-15.

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128

random and irrelevant assertions that contradict any plausible inference that can be drawn in Plaintiff's favor and that do not describe with the required particularized details pursuant to FRCP 9(b).

Next, the core or centralized assertions made against Debtor by the Plaintiff regarding these alleged embezzled funds involve allegations of fraudulent conduct which the Plaintiff relies on as the basis of all claims for exception to discharge. When "the claim[s] [are] said to be grounded in fraud or to sound in fraud, the pleading ... ***as a whole must*** satisfy the particularity requirement of Rule 9(b)."[3]

The claims cannot stand. All the allegations fall very short of the standards set by Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012(b). The Complaint does not provide sufficient facts as well as lacks a cognizable legal theory.

The claims cannot stand also because they are not pled properly under the standards set by Fed. R. Civ. P. 9(b), incorporated by Fed. R. Bankr. P. 7009. The claims premised on alleged false statements or inducement are not pleaded with any particularity. The Amended Complaint does not provide any specific dates, places, times, names, actual statements, amount of money, or other documentation or particularity backing up any of the assertions. There is no link to allegations with causation, and any damages. The conclusory assertions do not give notice to the Debtor as to what is actually being claimed *(**i.e. what was embezzled, what are the invoices and accounts (except to say "at least") that Debtor allegedly diverted and what were the dates of the alleged transaction(s), etc.**).*

---

[3] *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir.2009) (holding that when a plaintiff alleges a unified course of fraudulent conduct and relies on that allegation as the basis of a claim, "the claim is said to be grounded in fraud or to sound in fraud, and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b).") (internal quotation marks omitted).

**THERESA MAINS, ESQ., MACC, CFE**
2251 N. Rampart Blvd., Suite 102
Las Vegas. Nevada 89128

Therefore, this Honorable Court should dismiss this Amended Complaint with prejudice in its entirety.

## II.    SUMMARY OF ALLEGATIONS

### A.    *Claims Alleged by Vertex in this Adversary Proceeding*

In this Amended Complaint, Vertex v. Debtor, the Plaintiff seeks a determination that an alleged embezzled funds, in an uncertain amount are not dischargeable pursuant to Bankruptcy Code §523(a)(4).

The Complaint contemplates the alleged claim by Debtor is not dischargeable:

### 1.    **Alleged misappropriations of Assets of Vertex.**

Plaintiff alleges, generally, without any specified dates, names of clients, name of bank accounts, account numbers, specific amounts, reference to exhibits or documents, or reference to person with personal knowledge of these events, that during the period of October 2015 to June 2016, Vertex provided consulting services to clients of CKR Law.[4] And that in the "ordinary course of Vertex's business, invoices were issued by it, and resulting payments from its clients and account debtors were to be deposited in Vertex's bank account."[5] Plaintiff then alleges without any specific facts supporting that Debtor opened a bank account under a different name. Paragraph 20 is also troubling as the Plaintiff provides no date, amount, reference to a person with first hand knowledge, of what account the alleged money was placed into. Although Rinde admits to being the sole owner and director of Vertex, these allegations are not supported and the alleged damages of the amount allegedly redirected from his own clients is unknown and "at least $25,000."[6]

---

[4] Am. Compl. ¶14.
[5] Am. Compl. ¶16.
[6] Am. Compl. ¶1.

-4-

### III. LEGAL STANDARDS

#### *A.    Fed. R. Civ. P. 12(b)(6)*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), (made applicable in adversary proceedings Bankr. R. Civ. P. 7012(b)(6)), a complaint must comply with Fed. R. Civ. P. 8, which obligates Plaintiff to provide factual allegations that "raise a right to relief above the speculative level.[7]   The motion tests the legal sufficiency of a claim.[8]   A court accepts as true all well-pleaded allegations of material fact and construes them in the light most favorable to the nonmoving party.[9]   However, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences.[10]

A motion to dismiss under Rule 12(b)(6) also concerns what facts a plaintiff must plead on the face of his complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6).

In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 555 (2007); *see* Fed. R. Civ. P. 8.
[8] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001).
[9] *Daniels–Hall v. Nat'l Educ.* Ass'n, 629 F.3d 992, 998 (9th Cir.2010).
[10] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

alleged."[11] This standard does not ask the Plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully."[12] The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."[13] ***The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."[14]***

### B.    Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 9(b) (made applicable in adversary proceedings Bankr. R. Civ. P. 7009(b)), states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[15] A complaint alleging fraud must state, 'the who, what, where, and how' of the misconduct charged."[16]

Under Rule 9(b), "plaintiffs should have to detail the misrepresentations of which they complain, explain in what way they were false, and designate the facts that support an inference of fraud by each defendant . . . [and] [t]he role of each defendant in the allegedly fraudulent activities should be specified."[17]

"Rule 9(b) serves not only to give notice to ***defendants of the specific fraudulent conduct*** against which they must defend, but also to deter the filing of complaints ***as a pretext***

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[12] *Id*. (internal quotation marks omitted).
[13] *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir.2008).
[14] *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir.2011).
[15] Fed. R. Civ. P. 9(b).
[16] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,1106 (9th Cir. 2003); Fed. R. Civ. P. 9(b).
[17] *Arroyo v. Wheat*, 591 F. Supp. 136, 139 (D. Nev. 1984).

*for the discovery of unknown wrongs*, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."[18]

Allegations in a must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[19] Thus, *claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.*"[20]  A plaintiff must set forth what is false or misleading about a statement, and why it is false."[21] However, "intent, knowledge, and other conditions of a person's mind" need not be stated with particularity, and "may be alleged generally."[22]  "Claims made *on information and belief* are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded."[23]

### IV.    LEGAL ARGUMENT

***A.  Plaintiff's Claim For Relief for Determination of Debt is Nondischargeable Under 11 U.S.C. § 523(a)(4) for Larceny or Embezzlement Must Be Dismissed***

---

[18] *Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1057 (9th Cir.2011) (*citing Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir.2001)).
[19] *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985).
[20] *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) (per curiam) (internal quotation marks and citation omitted).
[21] *In re GlenFed, Inc. Securities Litig.,* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc), superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharmaceutical Corp*., 927 F.Supp. 1297, 1309 (C.D.Cal.1996).
[22] Fed. R. Civ. P. 9(b).
[23] *Shroyer v. New Cingular Wireless Services, Inc*.,622 F.3d 1035, 1042 (9th Cir. 2010) (citing *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 540 (9th Cir. 1989))(emphasis added).

### *Because Plaintiff Failed to Plead a Claim where Relief can be Granted with The Particularity Required by Fed. R. Civ. P. 9(b)*

Plaintiff's claim for relief is based on its contention that Debtor embezzled funds from Vertex.

As to an embezzlement argument, applying §523(a)(4) to these allegations fails:

> Under federal law, embezzlement in the context of nondischargeability has often been defined as "*the fraudulent appropriation of property* by a person to whom such property has been entrusted or into whose hands it has lawfully come." Embezzlement, thus, requires three elements: "(1) property rightfully *in the possession of a nonowner*; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) *circumstances indicating fraud*."[24]

The claim falls short as the Plaintiff has not pled any of these elements with particularity. Plaintiff merely alleges that Debtor "embezzled funds."

To state a claim under § 523(a)(4) for larceny, the plaintiff must show that the defendant's initial possession of the property was wrongful.[25] Plaintiff does not provide facts as to how Debtor allegedly had access to the Vertex accounts and was able to invoice clients of Vertex and was able to have these clients pay these invoices.

Allegations of fraud based on information and belief that cannot be determined "absent discovery" do not satisfy the particularity requirement unless accompanied by a statement of the specific facts on which the belief is founded.[26] However, the rule is "relaxed

---

[24] *In re Littleton,* 942 F.2d at 555 (citations omitted) (emphasis added).

[25] Compl. ¶15; see *Ormsby v. First Am. Title Co. (In re Ormsby)*, 591 F.3d 1199, 1205 (9th Cir., 2010); see also 4 Collier on Bankruptcy ¶ 523.10[2] (Alan R. Resnick & Henry J. Sommer eds., 16th ed.) ("As distinguished from embezzlement, [with larceny] the original taking of the property must be unlawful.").

[26] *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989); See also *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir. 1987), overruled on other grounds Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990) (en banc))("Generally,

-8-

as to matters peculiarly within the opposing party's knowledge."[27] This exception applies in situations where the plaintiff could not be expected to have personal knowledge of the facts constituting the wrongdoing.[28] In such cases, Rule 9(b) is satisfied by a statement of the facts upon which the belief is grounded.[29]

Plaintiff should be expected to have personal knowledge of the alleged invoices, amounts, billing, client accounts allegedly compromised by Debtor. Vertex's management or sole owner, Jeffrey Rinde, should have direct access to these accounts and client invoices and billing that are subject to these allegations. However, Plaintiff does not provide any facts to base these allegations on. There is reference or declaration of firsthand knowledge from this client or Jeffrey Rinde or other person that can provide sufficient facts implicating the Debtor for these alleged acts of diverting funds into a "sham account."

Plaintiff claims "at least" $25,000 was alleged not deposited into a bank account. It can be inferred based on these allegations that Plaintiff has control and access to its own financials as well as a custodian of the records bank accounts, financials, accounts receivables, client accounts and are able to plead with the required particularity. It can also be inferred that Plaintiff has access to these alleged clients that paid for work done however Plaintiff pleads with no sufficient facts or with the particularity required under Rule 9(b).

Plaintiff fails to plead under the standards the alleged debts are non-dischargeable.

---

'information and belief' allegations do not satisfy the degree of particularity required under Rule 9(b)[.]").
[27] *Wool*, 818 F.2d at 1439.
[28] *Id*.
[29] *Id*.

THERESA MAINS, ESQ., MACC, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas. Nevada 89128

**IV.    CONCLUSION**

As described above, Plaintiff alleges only conclusory allegations that fall short of Rule 12(b) and fail to state a claim which relief can be granted and they fail to meet the heightened pleading requirements of 9(b).    Therefore, this Amended Complaint must be dismissed.

Dated:  January 10, 2018

Respectfully submitted,

 /s/Theresa Mains
Theresa Mains, Esq. MAcc, CFE
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128
Theresa@TheresaMainsPA.com
*Attorney for Defendant/Debtor Mark Crone*

**THERESA MAINS, ESQ., MACC, CFE**
2251 N. Rampart Blvd., Suite 102
Las Vegas, Nevada 89128